IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JON N. NISTAD,<br>    Plaintiff,<br>    v.<br><br>WEALTH AND TAX ADVISORY<br>SERVICES, INC.,<br>    Defendant. | CIVIL NO. 09-1452(NLH)(AMD)<br><br>**OPINION** |

**APPEARANCES:**

THOMAS JOSEPH HAGNER
HAGNER & ZOHLMAN, LLC
COMMERCE CENTER
1820 CHAPEL AVENUE WEST
SUITE 160
CHERRY HILL, NJ 08002

    On behalf of plaintiff

SEAN R. ADAM
ANDREW K. STUTZMAN
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 ONE COMMERCE SQUARE
PHILADELPHIA, PA 19103-7098

    On behalf of defendant

**HILLMAN**, District Judge

    In a case involving the propriety of the appraisal for the value of fifty-percent interest in a terminated business venture, presently before the Court is the motion of defendant Wealth and Tax Advisory Services, Inc. (WTAS) for summary judgment on plaintiff Jon N. Nistad's claims against it.  Defendant argues that plaintiff's claims are barred by the doctrine of collateral estoppel, as the issues presented in plaintiff's complaint have already been fully litigated in prior state court proceedings.  For

the reasons expressed below, defendant's motion will be granted.

## BACKGROUND

Nistad and his business partner agreed to terminate their joint business venture, and litigation concerning that termination commenced in New Jersey state court in May 2001. After three years of litigation, the parties agreed to settle several aspects of their dispute. Part of that settlement agreement included the mutual selection of an independent, neutral appraiser to determine the value of a fifty-percent interest in the shared business. The parties selected WTAS as the appraiser, and in accordance with the settlement agreement, they agreed that (1) WTAS would not see any prior appraisals performed by other appraisers, (2) the appraisal would be placed under seal for review by the arbitrator only and not be released to the parties until after an award had been rendered, and (3) WTAS's appraisal and the arbitrator's decision would be binding and not subject to appeal.

After WTAS issued its appraisal to the arbitrator in September 2007, the arbitrator issued his decision the next month. The arbitrator noted that WTAS valued the fifty-percent interest at $140,000, and after subtracting various offsets and credits, the arbitrator found that Nistad was to pay his former business partner approximately $66,000. Along with a copy of his decision, the arbitrator provided WTAS's appraisal to the parties.

Despite the fact that Nistad agreed to be bound by WTAS's

appraisal, Nistad hired another appraisal firm, which criticized WTAS's appraisal.  Nistad forwarded this new appraisal to the arbitrator, and demanded that WTAS correct its valuation.  The arbitrator refused Nistad's request to reconsider his decision, stating that "[e]ven if the parties had stipulated to the use of an appeal process, which they did not, a unilateral critique would not be deemed objective or acceptable."  (Def. Ex. H.)

When Nistad's business partner moved before the Chancery Division of the New Jersey Superior Court to confirm the arbitration award, Nistad opposed the confirmation and sought to vacate the arbitration award.  Nistad argued that the appraisal did not comply with the settlement agreement because it did not employ a "fair market value" standard of valuation as required by the agreement since it did not consider minority or marketability discounts or the business partner's specific interest.  Presiding Judge Neil H. Shuster of the Chancery Division rejected all of Nistad's arguments in a 22-page opinion.  Nistad appealed to the Appellate Division, which, after oral argument, summarily affirmed Judge Shuster for the reasons expressed in his opinion.

Nistad then filed a complaint against WTAS in New Jersey Superior Court, Law Division alleging that WTAS breached its contract with Nistad and his former business partner, as well as committed negligence and violated New Jersey's Consumer Fraud Act, because it failed to use the proper fair market value analysis.

WTAS removed Nistad's complaint to this Court, and following the conclusion of discovery, WTAS has filed the instant motion for summary judgment on the basis of issue preclusion.[1]  Nistad has opposed WTAS's motion.

### DISCUSSION

**A.   Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

**B.   Summary Judgment Standard**

Summary judgment is appropriate where the Court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(c).

**C.   Analysis**

WTAS argues that all of Nistad's claims here are barred by the doctrine of collateral estoppel.  Collateral estoppel, or issue preclusion, "refers to the effect of a judgment in foreclosing

---

[1] WTAS has also moved, in the alternative, for judgment in its favor on a substantive basis should the Court find that Nistad is not collaterally estopped from pursing his claims. Because the Court finds that Nistad's claims are barred, there is no need to address WTAS's alternative arguments.

4

relitigation of a matter that has been litigated and decided." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984).  The purpose of precluding "parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."  Montana v. United States, 440 U.S. 147, 153-54 (1979).

With regard to issues first presented to a state tribunal, the federal courts have consistently accorded preclusive effect to issues decided by state courts, and, thus "res judicata and collateral estoppel not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system." Allen v. McCurry,  449 U.S. 90, 95-96 (1980); see also 28 U.S.C. § 1738 (providing that the rulings of state courts "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such state . . . from which they are taken").

In determining the preclusive effect of a state court judgment, the Court applies the rendering state's law of issue preclusion.  See Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 381 (1985).  Thus, whether Nistad's suit is precluded turns on the law of New Jersey.

5

Under New Jersey law, in order for the doctrine of collateral estoppel to apply to foreclose the relitigation of an issue, the party asserting the bar must show that:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

Olivieri v. Y.M.F. Carpet, Inc., 897 A.2d 1003, 1009 (N.J. 2006) (citation omitted).

WTAS contends that Judge Shuster considered and ruled upon the same issues Nistad has raised in his current complaint, and, therefore, Nistad is precluded from relitigating those issues here. Thus, the Court must look at the substance of Nistad's claims, and determine whether Judge Shuster already addressed the issues underlying those claims.

In Nistad's complaint, he claims that WTAS breached its contract with Nistad because WTAS failed to properly use the fair market value analysis, as WTAS's appraisal did not contain a marketability discount or a minority discount. Nistad also claims that WTAS's appraisal failed to value Nistad's business partner's specific interest, and instead appraised the business's value to a hypothetical buyer purchasing a continuing and equal fifty-percent of the business. These same allegations also serve as a basis for Nistad's negligence and Consumer Fraud Act claims.

6

Nistad raised these very same arguments before Judge Shuster in his opposition to confirmation of the arbitration award and in support of it being vacated. (<u>See</u> Def. Ex. I, Nistad's Mem. of Law in Opp. to Mot. to Confirm Arb. Award, at 3-8; Def. Ex. J, Feb. 21, 2008 Opinion, at 4-5; 7-8.) In that context, Judge Shuster noted that arbitration awards may be vacated only in limited situations, such as for fraud or corruption of the arbitrator, and arbitration awards may be corrected or modified only for particularly defined mistakes. More specifically, in reviewing an arbitration award based on an appraisal, Judge Shuster noted that such an award may only be vacated if there had been a mistake of law. (Op. at 7.)

Under that legal standard, Judge Shuster then considered Nistad's arguments. Judge Shuster found that "there is no case or statutory law that requires an appraiser to use discounts in determining a business's fair market value," and, therefore, found that WTAS "did not commit a mistake of law in choosing to not apply a marketability or minority discount to the business's value."[2] (<u>Id.</u> at 11-12.) Judge Shuster also concluded, "The Court has not found that WTAS committed a mistake of law in conducting its appraisal." (<u>Id.</u> at 12.) On Nistad's appeal, the Appellate Division affirmed, "substantially for the reasons expressed by

---

[2] Judge Shuster accordingly found that the arbitrator did not make a mistake of law in relying upon the WTAS appraisal that had been agreed upon by the parties for the purposes of the arbitration. (Def. Ex. J. at 12.)

Judge Shuster in his thorough and well-reasoned twenty-two-page written opinion."  (Def. Ex. L.)

In opposition to WTAS's motion, Nistad acknowledges the overlap of the issues, but argues that issue preclusion does not bar his claims.  Nistad contends that because Judge Shuster considered the issues in the context of whether the arbitrator acted appropriately, while in this case the issues are advanced in the context of WTAS's failure to perform the proper value analysis pursuant to Nistad's contract with WTAS, he should be permitted to proceed with his case.  This argument is unavailing.

Although Judge Shuster also addressed the propriety of the arbitrator's reliance on the WTAS appraisal, and found that the arbitration award should be confirmed because the arbitrator acted in accordance with the law, he first considered whether the appraisal was valid.  Indeed, Judge Shuster was required to first address the validity of the appraisal because if the appraisal had been violative of New Jersey law, the analysis of whether to confirm the award based on that appraisal may have had a different outcome.  Thus, in determining whether the appraisal was a "mistake of law" in order to ultimately decide whether to confirm or vacate the arbitration award, Judge Shuster considered Nistad's arguments about how WTAS erred by failing to perform the proper fair market value analysis.  This is the exact same issue presented by Nistad's current complaint.

It is apparent that Nistad is not satisfied with WTAS's appraisal, the arbitrator's decision, or the New Jersey court's twice-affirmance of the arbitration award. Nistad, however, cannot challenge the appraisal or the arbitration award on the same basis through this new action whether sounding in breach of contract, negligence or fraud. The issues raised here are identical to the ones Nistad raised in the prior actions, those issues were fully litigated, and they were subject to, and essential to, the prior final judgments.[3] As such, the issues clearly meet the issue preclusion test, and Nistad's claims based on those issues are therefore barred.

## CONCLUSION

For the reasons expressed above, defendant's motion for summary judgment must be granted. An appropriate Order will be entered.

Date: October 21, 2010         s/ Noel L. Hillman

At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[3] Even if Nistad did not challenge the arbitration award in New Jersey court, the findings of the arbitrator may have been subject to the issue preclusion doctrine. See Konieczny v. Micciche, 702 A.2d 831, 836 (N.J. Super. Ct. App. Div. 1997) ("In appropriate circumstances, arbitration awards may be given collateral estoppel effect in subsequent judicial proceedings.").

9